IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-2468-NRN

JESSE CHALMERS, SR.
on behalf of J.C., Jr., a minor

      Plaintiff,

v.

RICHARD MARTIN

      Defendant

---

**DEFENDANT'S MOTION TO RESTRICT COURT FILINGS FROM PUBLIC ACCESS OR IN THE ALTERNATIVE REQUIRE DEFENDANT BE IDENTIFIED ONLY BY HIS INITIALS IN ALL FILINGS**

---

Defendant, Richard Martin, by his attorneys, Campbell, Wagner, Frazier & Dvorchak, LLC, pursuant to D.C.COLO.L.CivR 7.2(c), hereby moves to restrict court filings from public access or in the alternative require Defendant be identified only by his initials in all case filings. Defendant states as follows in support of this Motion.

### CERTIFICATION

Defense counsel has conferred with Plaintiff counsel concerning this requested relief. Plaintiff is opposed to Defendant's request to restrict the Court filings.

### MOTION

The Supreme Court has acknowledged a common law right of the public to access judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). However, access to court documents may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

Motions to restrict in this district are governed by Local Rule 7.2(c) which provides:

A motion to restrict public access shall be open to public inspection and shall:

(1) identify the document or the proceeding for which restriction is sought;
(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
(3) identify a clearly defined and serious injury that would result if access is not restricted;
(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redactions, summarization, restricted access to exhibits or portions of exhibits); and
(5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c). Various judges in this district have granted motions to restrict access to documents to level 1 where there were allegations of sexual abuse and sexual assault. *See Garcia v. Patton*, No. 14-cv-01568-RM-MJW, U.S. Dist. LEXIS 192857 *4-9 (D. Colo. July 9, 2015) (ordering level 1 restriction to documents which identified the full names of minor victims of sexual abuse); *see also Ledezma v. Young Life*, No. 20-cv-01896-NYW, 2021 U.S. Dist. LEXIS 129616 *33-35 (D. Colo. Jan. 8, 2021) (granting level 1 restrictions to briefing pertaining to trauma suffered by victim of past sexual abuse).

**A.  The Substantial Risk of Irreparable Harm to Mr. Martin's Reputation in the Community and to his Businesses from the Public Disclosure of these Sexual Assault Allegations Outweighs the Presumption of Public Access**

Defendant Richard Martin has a real and substantial interest in restricting public access to Court filings in accordance with the criteria set forth in D.C.COLO.LCivR 7.2(c)(2)-(3). Mr. Martin is Minor's maternal grandfather, and was Minor's custodian for approximately one year from March 2016 through March 2017. Plaintiff Jesse Chalmers, Sr., Minor's father, alleges that Mr. Martin sexually assaulted Minor during the time Minor was under his care. Mr. Martin denies these allegations, and maintains that he engaged in no impropriety of any sort during his care of

2

Minor.

Public access to Court filings would subject Mr. Martin to a real and substantial risk of irreparable harm to his reputation and standing within his community. Mr. Martin has lived his adult life within Greeley and surrounding Weld county area. He has operated businesses within Greeley over a number of years, and has worked hard to establish his good name and honorable reputation within the community. Should the allegations within the Complaint become publicly disseminated, many of those within the community might well jump to conclusions before the truth or falsity of the matters alleged are proven in Court. Given the sensitive nature of the subject matter, such dissemination of the allegations could thus easily subject Mr. Martin to unwarranted gossip and speculation, thus damaging his reputation in the eyes of those willing to accept allegations at face value regardless of the ultimate outcome of the lawsuit. Mr. Martin's businesses would also likely suffer a loss of customers were they to learn of these allegations. It would be fundamentally unfair to Mr. Martin to expose him to such speculation and uninformed judgments within the court of public opinion before he has had the opportunity to challenge the veracity of these allegations in Court.

In making this request, Mr. Martin is not asking the Court to prejudge the issues raised by Plaintiff's Complaint. Instead, Defendant is asking the Court to help protect against prejudgment in the Court of public opinion. Thorough exploration of the allegations through discovery, and the ensuing trial before a jury, will ultimately determine whether the allegations are proven or disproven. Any effect upon Mr. Martin's reputation is best left until after these issues have been conclusively resolved, to protect Mr. Martin from unfavorable impressions on the part of those who know nothing of the circumstances beyond what has been alleged in pleadings and other Court filings.

**B.      Mr. Martin Requests the Court Require All Documents in this Case which Reference the Alleged Sexual Assault and Related Details be filed under a Level 1 Restriction or that Defendant be Identified only by his Initials in all Filings**

Mr. Martin seeks to have this Court place all past and future documents filed in this case which refer to the alleged sexual assault and details of the same under a level 1 restriction. Past documents filed in this case that Mr. Martin is requesting be restricted include: ECF 1, Complaint, ECF 6, Complaint (with Minor's initials), ECF 6-1, Civil Cover Sheet, and ECF 10, Mr. Martin's Answer to Complaint. Mr. Martin further requests the Court Order that all future filings in this case which reference the alleged sexual assault and details of the same be filed under a level 1 restriction, including ECF 12 and the attached exhibits which contain references to the sexual assault and details following the mandatory public notice period required by D.C.COLO.LCivR 7.2(d).

By limiting the level 1 restriction to only those documents which contain allegations of sexual assault the requested relief strikes an appropriate balance between avoiding undue harm to Mr. Martin unless and until these severely damaging allegations are proven while simultaneously preserving public access to the filings which do not refer to the sexual assault allegations and details. No other alternatives would be practicable. For instance, allowing summaries of the sexual assault allegations to be publicly available in the place of the unabridged allegations would be just as harmful to Mr. Martin. Additionally, requiring redactions would not be practicable as it would be both time-consuming and would not guarantee that Mr. Martin would be protected. Differences in opinion regarding whether certain text references "the alleged sexual assault and details" may inadvertently lead to a document being filed without restriction from which the public could deduce the nature of the allegations. On the other hand, if the document were to be so heavily redacted that the document is not understandable then that would not provide a benefit to the public

4

while imposing a potentially substantial burden on the parties to make those redactions. The proposed limited restriction serves to avoid harm to Mr. Martin from unproven, scandalous allegations he denies while still allowing the public some access to other documents in the case, such as routine motions that do not reference the damaging subject matter.

Should the Court decline to Order all documents referencing the alleged sexual assault and related details be filed under a level 1 restriction, then Mr. Martin requests that he only be identified by his initials, R.M., in all filings. This approach would preserve public access to the substance of the filings in the case while shielding Mr. Martin's identity from the public, and thereby reducing the risk of harm to Mr. Martin. Should the Court Order this approach, then Mr. Martin has attached copies of ECF 5, 6, 6-1, 6-2, 7, 8, 10, and 11—the prior filings in this case as exhibits to this Motion—which only include his initials[1]. *See* **Exs. A-H.**

Should the Court Order that the Complaint and Answer are to remain under a level 1 restriction, then Mr. Martin requests ECF 12-2 (Complaint attached as **Ex. B**), ECF 12-3 (Civil Cover Sheet attached as **Ex. C**), and ECF 12-7 (Answer attached as **Ex. G**) be placed under level 1 restriction.

WHEREFORE, the Defendant requests this Motion be granted for the reasons set forth above. The Defendant requests the Court Order ECF 1, ECF 6, ECF 6-1, and ECF 10, that ECF 12, 12-2, 12-3, and 12-7 be placed under level 1 restriction following the mandatory public notice period, and that all future documents which reference the alleged sexual assault and the details of it be filed under a level 1 restriction. Alternatively, the Defendant asks the Court Order that the Defendant be identified only by his initials in all filings in this matter and that the Clerk of Court

---

[1] When undersigned counsel attempted to access ECF 1, 3, 4, and 9 through PACER he received a message stating "[y]ou do not have permission to view this document." ECF 2 was also not accessible. As such, versions of those filings with Mr. Martin's initials only are not attached.

substitute the attached exhibits A-H in place of the documents previously filed in this case identifying Defendant by name.

Respectfully submitted this 11th day of November, 2021.

                              CAMPBELL, WAGNER, FRAZIER & DVORCHAK, LLC
*Original signature on file at Campbell, Wagner, Frazier & Dvorchak, LLC, pursuant to C.R.C.P, 121 § 1-26*

              By:    *s/ Robert A. Zahradnik-Mitchell*
                       Robert A. Zahradnik-Mitchell, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November, 2021, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO RESTRICT COURT FILINGS FROM PUBLIC ACCESS OR IN THE ALTERNATIVE REQUIRE DEFENDANT BE IDENTIFIED BY HIS INITIALS IN ALL FILINGS** was filed and served electronically via CM/ECF upon the following:

Matthew M. Holycross, Esq.
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
*Attorney for Plaintiff*

                                      *s/ Robert A. Zahradnik-Mitchell*
                                      Robert A. Zahradnik-Mitchell