IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02468-NRN

JESSE CHALMERS, SR.,
on behalf of J.C., a minor child,

Plaintiff,

v.

Richard Martin,

Defendant.

---

### ORDER ON
### DEFENDANT'S MOTION TO RESTRICT (Dkt. #12)

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter comes before the Court on Defendant Richard Martin's motion to restrict court filings from public access or, in the alternative, to require that Defendant be identified only by his initials in all filings. Dkt. #12. Defendant's Motion will be **DENIED**.

This is a suit for damages by a parent, Jesse Chalmers, on behalf of his minor child, J.C., alleging that Defendant sexually assaulted the child. Defendant is the child's maternal grandfather. There was apparently a police report filed against Defendant reflecting these allegations, but the investigation was closed without any charges.

Defendant asserts that the allegations of sexual assault are false. Notwithstanding his denials, Defendant asserts that merely being associated with such allegations in public court documents will do irreparable harm to his reputation and standing in the community. Defendant says that he has operated businesses in Greeley,

Colorado over a number of years, and has worked hard to establish his good name and honorable reputation. Defendant claims it would be "fundamentally unfair" to expose him to "speculation and uninformed judgments within the court of public opinion" before he has the opportunity to challenge the veracity of the allegations. Dkt. #12 at 3.

Accordingly, Defendant asks that, pursuant to D.C.COLO.LCivR 7.2(c), the Court recognize that a "clearly defined and serious injury" would result to Defendant if public access to the filings in this case is not restricted. Defendant notes that judges of this District have granted motions to restrict public access in certain cases involving sexual abuse and sexual assault. *See, e.g., Ledezma v. Young Life*, No. 20-cv-01896-NYW, 2021 WL 2823261 (D. Colo. Jan. 8, 2021) (granting level 1 restrictions to briefing pertaining to trauma suffered by victim of past sexual abuse).

**Analysis**

"The public's access to information is paramount to our justice system, as it encourages the public's confidence in the decision-making of judiciary – and this court takes its role in ensuring such public access seriously." *Ledezema*, 2021 WL 2823261, at *10. In keeping with the American ideals of government, court proceedings are presumptively open to the public. As Judge Kane has rightly stated:

> We begin with the fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view. Courts are public institutions which exist for the public to serve the public interest. Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society.

*M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D.Colo. 1996) (internal citation omitted), *aff'd*, 139 F.3d 798 (10th Cir. 1998) (denying motion of inmate plaintiff who was seeking abortion to proceed under a pseudonym). To quote Judge Kane once again: "[L]awsuits

are public events and the public has a legitimate interest in knowing the facts involved in them." *Doe v. U.S. Dep't of Justice*, 93 F.R.D. 483, 484 (D. Colo. 1982) (quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)).

There is a strong presumption that documents essential to the judicial process are to be available to the public. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). That said, access to court documents may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) (finding that suppressed evidence, inadmissible interview notes, and severance documents were proper subjects of sealing orders in well-publicized criminal case where jury had not yet been selected and the defendant's constitutional right to fair trial was implicated by potential adverse pre-trial publicity). Accordingly, courts may exercise discretion and restrict a public's right to access judicial records if that "'right of access is outweighed by competing interests.'" *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Helm v. Kan.*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *cf. United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking.").

In exercising that discretion, the Court "'weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and

substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). These principles are reflected in Local Rule 7.2(a). See D.C.COLO.LCivR 7.2(a).

Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)–(4).

In this case, Defendant has not made a sufficient showing to justify either restriction of the entire case or that he only be identified via initials. The suggestion that he is suffering clear injury merely by being named as a defendant in a lawsuit alleging sexual assault is not enough. A lawsuit is a means of seeking public judicial relief for a claimed injury. The public has an interest in the allegations of a lawsuit, the nature of the claims being made, and the parties involved. *See Cohen v. Public Serv. Co.*, No. 13-cv-00578-WYD-BNB, 2014 WL 3373400, at *3 (D. Colo. July 10, 2014) ("The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly.") (quoting *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 635 (D. Colo. 2010)).

At the same time, the public should know that a complaint filed in court is nothing more than a claim—an allegation—and nothing has yet been proved. Defendant in this case denies the allegation. People who learn of this case may make assumptions about what has happened, but as of now, the allegations are only allegations. The supposed harm from being the target of a lawsuit alleging sexual abuse is not enough to justify shrouding this case with a veil of secrecy. As Magistrate Judge Bennett of the District of Utah held in denying a Defendant's motion to completely seal a lawsuit because the plaintiff there was a vexatious litigant who supposedly was making false and damaging claims:

> In nearly all civil and criminal litigation filed in the United States Courts, one party asserts that the allegations leveled against it by another party are patently false, and the result of the litigation may quickly prove that. However, if the purported falsity of the complaint's allegations were sufficient to seal an entire case, then the law would recognize a presumption to seal instead of a presumption of openness.

*Miller v. Fluent Home, LLC,* No. 2:20-cv-00641, 2020 WL 5659051, at *2 (D. Utah Sept. 23, 2020).

It may appear to be unfair that the supposed victim of the alleged assault is identified only by his initials while Defendant's full name is available for the public to see. But the victim is a minor, and the Federal Rule of Civil Procedure 5.2 (a)(3) specifically provides that for lawsuits involving minors, only the minor's initials, and not full name, are to be used in court filings. There is no similar rule protecting the identity of someone being accused of sexual assault.

There is one final reason why this case should not be restricted or the name of Defendant hidden by use of initials. There is an existing public police report of the episode underlying the allegations of this case created by the Greeley Police

Department. That document is available to the public through a public records search. Restricting this case to conceal material that is already publicly available serves no legitimate purpose and runs counter to the general principle that court proceedings and filings should be open to the public.

**Conclusion**

For the foregoing reasons, Defendant's Motion to Restrict (Dkt. #12) is **DENIED** in its entirety.

Dated this 28th day of December, 2021.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge